# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 92-cr-40065-010-JPG |
| SHAUNESSY REGINA SYLVESTER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Shaunessy Regina Sylvester's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 312). The Court appointed counsel for Sylvester, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 342). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Doc. 345), as has Sylvester (Doc. 346).

Sylvester was convicted by a jury of one count of conspiracy to possess with intent to distribute crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Sylvester's relevant conduct was at least 500 grams but less than 1.5 kilograms of crack cocaine, which under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 yielded a base offense level of 36. No adjustments were made to that level. Considering Sylvester's criminal history category of II, this yielded a sentencing range of 210 to 262 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Sylvester's statutory minimum sentence was 20 years. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to U.S.S.G. § 5G1.1(b), her guideline sentence became 240 to 262 months. The Court

sentenced Sylvester to the statutory minimum sentence of 20 years. Sylvester now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Sylvester cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. §

2

5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Sylvester was sentenced based on her statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not her base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, her guideline sentence would have been 240 months. Thus, the amendments did not lower her guideline range, and she cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Sylvester cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider her reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 342) and **DISMISSES** Sylvester's motion for a sentence reduction (Doc. 312) for **lack of jurisdiction**. The Clerk is **DIRECTED** to mail a copy of this order to Defendant Shaunessy Regina Sylvester, #60416-079, FCI Carswell, P.O. Box 27137, Ft. Worth, TX 76127.

**IT IS SO ORDERED.**
**Dated: June 23, 2009.**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **U.S. DISTRICT JUDGE**